725 S.E.2d 925

**In the Matter of Christopher Blakeslee ROBERTS, Respondent.**

**No. 27121.**

Supreme Court of South Carolina.

Submitted March 26, 2012.

Decided May 9, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Peter D. Protopapas, of Rikard & Protopapas, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR, with the following conditions: 1) payment of costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline; 2) completion of the Legal Ethics and Practice Program Ethics School prior to reinstatement; and 3) full compliance with the terms of his monitoring contract with Lawyers Helping Lawyers and, within thirty (30) days of completion of the contract, submission of an affidavit to the Commission attesting to the contract's completion. We accept the agreement and disbar respondent from the practice of law in this state, retroactive to September 24, 2010, the date of his interim suspension. *In the Matter of Roberts,* 390 S.C. 56, 700 S.E.2d 250 (2010). In addition, we impose each of the conditions listed above. The facts, as set forth in the agreement, are as follows.

## *FACTS*

### *Matter I*

A corporate client asked respondent to begin a collection action against another company due to the company's failure to perform on its debt obligation to respondent's corporate client. Respondent contacted a West Virginia law firm to perfect the mortgage and bring foreclosure proceedings against the company.

In June of 2004, the West Virginia law firm asked respondent to produce a copy of the demand letter that respondent had issued to the company in 2003. An email was sent from respondent's office which contained an attached demand letter dated February 5, 2003, to the law firm handling the foreclosure action.

In 2007, respondent's corporate client sued respondent for legal malpractice. During the course of the malpractice ac-

tion, the client discovered that the metadata attached to the February 5, 2003, letter that respondent emailed to the West Virginia law firm indicated that the letter was actually created in June of 2004. In addition, the alleged recipients of the February 5, 2003, letter testified that they did not receive a copy of the letter in 2003. Respondent denies creating the June 2004 document, but acknowledges that the document was created under his supervision although not at his direction. Respondent self-reported these allegations to the Commission.

## Matter II

Respondent was one of five people on the Chanticleer Tax District Commission (Tax District). After the previous treasurer resigned, control of the funds for the Tax District became respondent's responsibility. As part of this responsibility, respondent processed and paid the Tax District's bills.

While in control of the funds for the Tax District, respondent used approximately $40,000.00 of the Tax District's funds for his personal use. When confronted with the issue, respondent repaid the funds, turned over the bank account information, removed himself from the accounts, and resigned his position. Respondent asserts he was suffering from major alcohol and depression issues at the time of the misappropriation of funds.

## Matter III

In 2008, respondent was retained by a North Carolina trucking company to assist with several legal matters pending in South Carolina. Complainant is the senior vice president and managing agent for the trucking company. Respondent failed to keep Complainant reasonably informed about the status of Complainant's case, failed to promptly comply with the Complainant's reasonable requests for information, and failed to appear at a scheduled hearing on August 24, 2010. The court granted a continuance due to respondent's failure to appear. Respondent represents he failed to appear at the scheduled hearing due to his involuntary commitment for the treatment of alcoholism on August 22, 2010. Respondent admits he failed to withdraw from representation when his alcoholism began to impair his ability to competently represent Complainant's company.

*LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.16 (lawyer shall withdraw from representation when lawyer's physical or mental condition materially impairs the lawyer's ability to represent client); Rule 5.3 (lawyer having direct supervisory authority over non-lawyer employee shall make reasonable efforts to ensure that the person's conduct is compatible with professional obligations of lawyer); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and disbar respondent, retroactive to the date of his interim suspension. In addition, respondent shall: 1) pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order; 2) complete the Legal Ethics and Practice Program Ethics School prior to reinstatement; and 3) fully comply with the terms of his monitoring contract with Lawyers Helping Lawyers and, within thirty (30) days of completion of

the contract, submit an affidavit to the Commission attesting to the contract's completion.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**